# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| CITY OF AKRON, OHIO | ) | CASE NO. 5:11 CV 1231 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **ORDER AND DECISION** |
| | ) | |
| THE UNITED STATES POSTAL | ) | |
| SERVICE | ) | |
| | ) | |
| Defendant. | ) | |

This matter comes before the Court on Motion by Plaintiff City of Akron, Ohio for a temporary restraining order and preliminary injunction.  The Court has been advised, having reviewed the parties' motion, response, Verified Complaint, and supporting documents, and having heard argument from the parties.   For the reasons that follow, the motion is DENIED.

## I.      Facts

In July 2009 the United States Postal Service ("USPS") conducted a study of the East Akron postal station (the "Station") to determine the feasibility of discontinuing operations at the Station. Doc. 5-1[1].   The USPS provided notice to the Station's customers of the possible closure and requested comments from the community.  Doc. 5-1.  After the conclusion of the study, the USPS determined that the Station should be permanently closed. Doc. 5-1.

---

1 The parties each included various unverified facts or unauthenticated exhibits within their motion and response in opposition. Although the Court provides the facts here, it does so only for background and has not considered any of the unverified facts or unauthenticated exhibits when deciding this Order.

On April 11, 2011, the USPS informed the Station's customers, by direct mail, of its determination to close the facility at the close of business on June 17, 2011. Doc. 5-2; PRC Doc. No. A2011-16, *Application for Suspension of Determination*, pg 14.  On May 17, 2011, in accordance with 39 U.S.C. 404 and 39 U.S.C. 241.3, Paul Connor and Shirley Strader, customers of the Station, separately petitioned the Postal Regulatory Commission ("PRC") to review the USPS's decision to close the Station. PRC Doc. No. A2011-16, *Petition for Review Received from Paul J. Connor Regarding the Closure of the Akron, OH Post Office 44305* & *Petition for Review Received from Shirley Strader Regarding the Closure of the Akron, OH Post Office 44305*.  Mr. Connor also filed with the PRC an Application for Suspension of Determination, in which he requested that the PRC suspend the closure of the Station until after a determination had been reached on his appeal. PRC Doc. No. A2011-16, *Application for Suspension of Determination*.

On May 19, 2011, the PRC accepted Mr. Connor's and Ms. Strader's petitions and ordered the USPS to: 1. "file an answer to the application for suspension of the Postal Service's determination no later than May 26, 2011"; 2. "file the administrative record regarding this appeal no later than May 31, 2011"; and, 3. file any response to the petitions no later than May 31, 2011.  PRC Doc. No. A2011-16, *Order No. 733 - Notice and Order Accepting Appeal and Establishing Procedural Schedule*.  The USPS filed its response to the petitions on May 31, 2011[2].  PRC Doc. No. A2011-16, *Notice of United States Postal*

---

2 The USPS maintains that 39 U.S.C. 404(d), which governs the closure and consolidation of a Postal Offices, does not apply in this matter since it does not apply to the closure of stations or branches.  In an Advisory Opinion issued by the PRC on March 10, 2010, the PRC found that there is no discernable difference between a Post Office, station, or branch that would support the USPS's distinction for the purpose of a patron's appeal of the USPS's determination to close or consolidate.  Specifically, the PRC stated: "The Commission and the Postal Service disagree on the applicability of section 404(d)(5). The Commission's opinion is that this section is applicable to all retail facilities manned by

2

*Service*.   The USPS did not file the administrative record or a response to the Application for Suspension of Determination at that time.

The City of Akron intervened in the aforementioned PRC matter on June 10, 2011, and moved to compel the USPS to file the Administrative Record. PRC Doc. No. A2011-16, *Notice of Intervention, City of Akron, Ohio* & *City of Akron, Ohio's Motion to Compel Administrative Record and Extend the Deadline for Petitioner and City of Akron, Ohio to File Form 61 and/or an Initial Brief.*

On June 14, 2011 the City of Akron filed a Verified Complaint for Declaratory Judgment, Injunctive and Other Equitable Relief and a Motion for Temporary Restraining Order and Preliminary Injunction against the USPS in the Summit County Court of Common Pleas. Doc. 1-1, 1-2, and 1-3.   The USPS then removed the matter to the District Court on June 15, 2011. Doc. 1. The City of Akron moved this Court to enforce the Order of the PRC by compelling the USPS to file a response to the Application for Suspension of Determination and to file the Administrative Record in the PRC matter. Doc. 1-3.

This Court scheduled a hearing for June 17, 2011, to hear arguments regarding the City of Akron's motion.   On June 16, 2011, in the PRC proceeding, the USPS moved for leave to file an untimely response to Mr. Connor's Application for Suspension of Determination and filed the response *instanter*.   PRC Doc. No. A2011-16, *Motion of the United States Postal Service for Late Acceptance of Response of United States Postal Service to Petitioner's Application for Suspension of Discontinuance for the East Akron Station, Akron, Ohio 44305* & *Response of United States Postal Service to Petitioner's*

government Postal Service employees.   This includes Post Offices, classified stations, and classified branches." Doc. 4-1, at pg 68.

*Application for Suspension of Discontinuance for the East Akron Station, Akron, Ohio 44305*.  The USPS also asserted that it would file the Administrative Record in the PRC matter expediently.   PRC Doc. No. A2011-16, *Response of United States Postal Service to City of Akron, Ohio's Motion to Compel Administrative Record*. On the morning of June 17, 2011, prior to the hearing, the PRC issued an Order denying Mr. Connor's Application for Suspension of Determination. Order Denying Application for Suspension

In opposition to the City of Akron's Motion for a Temporary Restraining Order and Preliminary Injunction, the USPS argued that this Court cannot order the relief sought by the City of Akron since the USPS has now complied with the order of the PRC.   The City of Akron argued that although the USPS agreed to file the Administrative Record, it had not yet done so.   Moreover, the City of Akron argued that its brief to the PRC was due on Monday, June 20, 2011[3], and that it has been prejudiced by the USPS's untimely filing of the Response to Mr. Connor's Application for Suspension of Determination and untimely filing of the Administrative Record.   The City of Akron requested that this Court enjoin the USPS from closing the Station as a sanction for the USPS's untimely responses and filings in the PRC matter.   A review of the PRC's online docket shows that on June 17, 2011, at 11:25 a.m., the USPS filed the Administrative Record (while maintaining its objection to its obligation to do so). PRC Doc. No. A2011-16, *United States Postal Service Notice of Filing and Application for Non-Public Status*.

---

3 The City of Akron moved for an extension of this deadline on June 10, 2011(PRC Doc. No. A2011-16, *City of Akron, Ohio's Motion to Compel Administrative Record and Extend the Deadline for Petitioner and City of Akron, Ohio to File Form 61 and/or an Initial Brief*), and filed a supplement to that motion on June 20, 2011 (PRC Doc. No. A2011-16, *City of Akron Ohio's Supplemental Motion to Extend the Deadline for Petitioner and City of Akron, Ohio to File Form 61 and/or Initial Brief*). The PRC has not yet ruled on these motions.

## II.    Law and Analysis

When determining whether to issue a temporary restraining order or a preliminary injunction, this Court considers the following four factors:

> (1) whether the movant has a 'strong' likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable injury; (3) whether issuance of a preliminary injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuance of a preliminary injunction.

*McPherson v. Michigan High Sch. Athletic Ass'n*, 119 F.3d 453, 459 (6th Cir.1997) (en banc) (quoting *Sandison v. Michigan High Sch. Athletic Ass'n*, 64 F.3d 1026, 1030 (6th Cir.1995)).  This Court must balance the four factors while noting that none should be considered a prerequisite to the grant of a preliminary injunction.  See *United Food & Commercial Workers Union, Local 1099 v. Southwest Ohio Reg'l Transit Auth.*, 163 F.3d 341, 347 (6th Cir.1998).

The Court finds that there is no need for a full analysis of the above factors since each of the issues raised by the City of Akron's motion is now moot.  The City of Akron sought to enforce the PRC's Scheduling Order (*Order No.* 733) by moving this Court for an Order requiring the USPS to file the Administrative Record and to respond to the Application for Suspension of Determination in the PRC matter.  Since the filing of the City of Akron's motion, the USPS has filed the Administrative Record and responded to the Application for Suspension of Determination.  As such, the Court cannot grant the requested relief.

The City of Akron also requested, albeit as an afterthought during the motion hearing, that this Court enjoin the closure of the Station as a sanction against the USPS for its belated compliance with the PRC's Order.  The Court declines the City of Akron's invitation to interfere in the pending administrative process of the PRC.

5

Section 404(d)(5) sets forth the procedure for appealing the USPS's determination to close or consolidate a facility.  Although there is a disagreement as to whether section 404(d) applies to the closure of a classified station (or branch), time after time, the PRC has rejected the USPS's argument and accepted for review petitions regarding the closure of postal stations and branches.  Specifically, the PRC chose to review the USPS's determination to close the East Akron station.

Pursuant to the procedural process guiding the PRC's administrative review, Mr. Connor filed an Application for Suspension of the Determination.  The PRC reviewed the Mr. Connor's request and subsequently denied Mr. Connor's Application for Suspension of the Determination. PRC Docket No. A2011-16, *Order Denying Application for Suspension*.  The City of Akron provided no authority for this Court to intervene in the PRC's administrative proceeding and advised that this is the first time a district court's intervention has been sought in this manner.  This Court declines to substitute its judgment for that of the PRC and, therefore, declines to interfere with the PRC's decision to deny the Application for Suspension of Determination[4].

## III.    Conclusion

For the above stated reasons, the City of Akron's Motion for Temporary Restraining Order and Preliminary Injunction is DENIED.

It is so ordered.


Date: June 22, 2011                    ____/s/ Judge John R. Adams_____
                                       JUDGE JOHN R. ADAMS
                                       UNITED STATES DISTRICT COURT

---

4 This Court has not been asked to determine whether 39 U.S.C. 404(d) applies to the closure of a station or branch, and the Court makes no determination here.